UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MOISES NUNEZ-RUIZ,

    Defendant.

2:07-cr-0133-JCM-LRL

**MOTION TO DISMISS INDICTMENT BASED ON PRIOR UNLAWFUL DEPORTATION (#15)**

## REPORT & RECOMMENDATION

The defendant, Moises Nunez-Ruiz, is under indictment on one count of Unlawful Reentry of a Deported Alien, a violation of 8 U.S.C. § 1326. The matter before the court is Nunez-Ruiz's Motion to Dismiss Indictment Based on Prior Unlawful Deportation (#15), in which he contends that the removal orders and subsequent reinstatements mandating his removal from the United States were obtained in violation of his due process rights. Therefore, according to Nunez-Ruiz, they cannot now be used to sustain an element of an illegal reentry offense. The government filed a Response (#16) arguing, among other things, that there could be no due process violation because Nunez-Ruiz was ineligible for relief from removal as a result of a prior aggravated felony conviction.

## THE FACTS

Based on the exhibits attached to the parties' papers, the court finds the following facts have been established by a preponderance of the evidence. On July 15, 1998, Nunez-Ruiz was convicted of a felony in the Superior Court of California, County of San Diego, for Possession of Marijuana for Sale in violation of California Health and Safety Code ("H&S") § 11359.[1] On July 24, 1998, he was served

---

[1] It had been alleged that Nunez-Ruiz attempted to transport 101.21 pounds of marijuana through the United States border at San Ysidro, California.

with a Notice to Appear by the Immigration and Naturalization Service alleging he was removable because of the California conviction. This led to an order to remove Nunez-Ruiz entered by an Immigration Judge and Nunez-Ruiz's physical removal to his native Mexico on July 29, 1998. The order was reinstated on five occasions resulting in Nunez-Ruiz's removal to Mexico in 1999, 2001, 2003 (twice) and 2004.

On March 3, 2004, Nunez-Ruiz attempted to enter the United States by falsely claiming to be a U.S. citizen. His real identity was discovered and he was paroled into the United States for criminal prosecution. He was then convicted in the United States District Court, Southern District of California, on two counts of Illegal entry, violations of 8 U.S.C. § 1325, and sentenced to a total of twenty-four (24) months incarceration.

On January 5, 2006, Nunez-Ruiz was again served with a Notice to Appear alleging he was subject to removal because of a false claim of U.S. citizenship, conviction for a § 1325 offense, and failure to obtain legal permission to return to this country. On January 11, 2006, he was ordered removed by a Immigration Judge and the next day he was removed to Mexico.

On June 27, 2007, the government filed the one count criminal indictment at issue in the present Motion (#15). The indictment rests on the prior deportations noted above. Nunez-Ruiz was detained at his initial appearance and entered a plea of not guilty at his arraignment.

## DISCUSSION

8 U.S.C. § 1326(a) makes it a crime for an alien to enter, attempt to enter, or to be found within the United States without consent of the Attorney General after being denied admission, excluded, deported, or removed. However, a defendant may collaterally attack a prior deportation or removal to preclude the government from relying on the deportation in a prosecution under this provision. *See United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000) ("In a criminal prosecution under § 1326, the Due Process Clause of the Fifth Amendment requires a meaningful opportunity for judicial review of the underlying deportation. If the defendant's deportation proceedings fail to provide this opportunity, the validity of the deportation may be collaterally attacked in the criminal proceeding.")

(citing *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998), *cert. denied*, 525 U.S. 849 (1998)).  To succeed in a collateral challenge, the defendant must demonstrate that his due process rights were violated by defects in the underlying deportation proceeding, and that he suffered prejudice as a result of the violation.  *Id.* at 1079.

Nunez-Ruiz challenges his first (1998) and seventh (2006) removals on grounds that his due process rights were violated when the Immigration Judges did not tell him he was eligible for cancellation of removal under Immigration and Naturalization Act ("INA") § 240A(a) (codified at 8 U.S.C. § 1229b(a)), or "fast-track" voluntary departure under INA § 240B(a) (codified at 8 U.S.C. §1229c(a)).  He also attacks the five removals made subsequent to the 1998 removal order as subject to the same due process claim.  However, his prior felony drug conviction made him ineligible for the aforementioned relief.

An alien qualifies for neither cancellation of removal nor voluntary departure if he has an aggravated felony conviction.  §§ 1229b(a)(3), 1229c(a)(1).  The INA includes within the definition of aggravated felony "illicit trafficking in a controlled substance (as defined in section 802 of Title 21) . . . including a drug trafficking crime (as defined in section 924(c) of title 18.)"  8 U.S.C. §1101(a)(43)(B).  In *United States v. Contreras*, 895 F.2d 1241, 1244 (9th Cir. 1990), the court held possession of drugs with intent to distribute constituted drug trafficking for purposes of a firearms violation under 18 U.S.C. § 924(c). Since the same statute governs trafficking for deportation purposes, *Contreras* dictates that Nunez-Ruiz's conviction amounted to an aggravated felony.  *See id.*  As such, no prejudice could have resulted from omitted reference to §§ 1229b(a), 1229c(a) in Immigration Court.

. . .

. . .

. . .

. . .

. . .

. . .

3

**RECOMMENDATION**

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that Nunez-Ruiz's Motion to Dismiss Indictment Based on Prior Unlawful Deportation (#15) should be denied.

DATED this 14th day of November, 2007.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**